# In the United States Court of Federal Claims

No. 25-1049C

(Filed: February 19, 2026)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SAMUEL J. MAY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Samuel May, proceeding *pro se*, alleges that he is entitled to a share of a False Claims Act ("FCA") settlement that the government and his former employer reached in 2012. *See* Am. Compl. at ¶¶ 2 n.1, 8 n.2 (ECF 8). Defendant moved to dismiss for lack of subject-matter jurisdiction. *See* Mot. to Dismiss (ECF 18). Plaintiff filed a response styled as a cross-motion. *See* Cross-Mot. for J. on Liability (ECF 19). At the Court's request, the parties filed supplemental briefs. *See* Order (ECF 22); Pl.'s Suppl. Br. (ECF 23); Def.'s Suppl. Br. (ECF 25). For the reasons stated below, the motion to dismiss is **GRANTED**.

## BACKGROUND

In 2010, Plaintiff filed a *qui tam* FCA action against his former employer, Amgen, in the U.S. District Court for the Northern District of California. Am. Compl. at ¶ 77; Compl. at ¶ 7 (ECF 1), *United States of America ex rel. May v. Amgen Inc.*, No. C10-2577 (N.D. Cal. June 11, 2010).[1] After the United States declined to intervene, Plaintiff's claim was dismissed. *See* Order (ECF 34), *United States ex rel. May v. Amgen Inc.*, No. C10-2577 (N.D. Cal. Jan. 5, 2012); Am. Compl. at ¶ 72. But in 2012, Amgen and the United States settled a series of separate *qui tam* lawsuits to which Plaintiff was not a party. *See* Am. Compl. at ¶ 8 n.2 (citing Press Release

---

[1] The Court may take judicial notice of public court opinions, dockets, and filings. *See Advanced Software Design Corp. v. Fed. Res. Bank of St. Louis*, 583 F.3d 1371, 1379 n.3 (Fed.Cir.2009); *accord United States v. Estep*, 760 F.2d 1060; 1063 (10th Cir. 1985) ("This court adopted the general rule that '[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.") (alteration in original).

No. 12-1523, U.S. Dep't of Just., Amgen Inc. Pleads Guilty to Federal Charge in Brooklyn, NY.; Pays $762 Million to Resolve Criminal Liability and False Claims Act Allegations, 2012 WL 6605566 (Dec. 19, 2012)). Since then, Plaintiff has pursued a share of that settlement in various courts.

Plaintiff first moved to reopen his California lawsuit. *See* Plaintiffs' Notice of Motion (ECF 36), *United States ex rel. May v. Amgen Inc.*, No. C10-2577, at 24–25 (N.D. Cal. Apr. 28, 2016). The district court denied his motion. *See* Order (ECF 49), *United States ex rel. May v. Amgen Inc.*, No. C10-2577 (N.D. Cal. July 12, 2016). He appealed, and the Ninth Circuit affirmed. *See* Order (ECF 17), *United States ex rel. May v. Amgen Inc.*, No. 16-16394 (9th Cir. Mar. 2, 2017).

In 2017, Plaintiff sued Amgen and the United States in the U.S. District Court for the District of Colorado. That claim was dismissed as well, and the Tenth Circuit affirmed. *See United States ex rel. May v. United States*, No. 17-CV-00637-RM-SKC, 2018 WL 7141426, at *3, *8 (D. Colo. Aug. 29, 2018), *aff'd*, 839 F. App'x 214 (10th Cir. 2020). The District of Colorado recently denied a motion to reopen that case. *United States ex rel. May v. United States*, No. 17-CV-00637-RM-SKC, 2025 WL 436676, at *1 (D. Colo. Jan. 10, 2025).

In 2021, Plaintiff filed suit in this Court. *See* Compl. at 20 (ECF 1), *May v. United States*, No. 21-1496C (Fed. Cl. June 15, 2021). He alleged — on contractual, tort, and constitutional grounds — that he was entitled to a share of the 2012 settlement. *Id.* at 2, 19–20. This Court dismissed for lack of jurisdiction, explaining that "Mr. May's contract and Fifth Amendment claims are time-barred, and his tort and due process claims are not based on a money-mandating provision of law." *See May v. United States*, No. 21-1496C, 2022 WL 2717721, at *1 (Fed. Cl. July 13, 2022) ("*May I*").

The Court of Appeals for the Federal Circuit affirmed. *See May v. United States*, No. 2023-1124, 2023 WL 3836088, at *6 (Fed. Cir. 2023) ("*May II*"). Among other issues decided on appeal, the panel agreed with this Court that Plaintiff's claims for a share of the 2012 settlement "accrued no later than May 1, 2015," and were therefore time-barred. *Id.* at *4–5.

Plaintiff's present suit, filed in 2025, pursues similar claims. He seeks his share of the 2012 settlement — plus interest and other related monetary relief — based on statutory, contractual, constitutional, and tort theories. Am. Compl. at 18–19; *id.* at ¶¶ 2 n.1, 52, 58, 64, 68, 77, 80, 83. The main additions to his current complaint, as compared to his 2021 complaint, are references to 31 U.S.C. § 5323 and the Inflation Reduction Act of 2022, Pub. L. No. 117-169, 136 Stat. 1818. *See* Am. Compl. ¶¶ 15, 38, 74, 77.

## DISCUSSION

*May I* and *May II* decided that Plaintiff's claims for a share of the 2012 settlement accrued in 2015. *May II*, 2023 WL 3836088, at *4–5. That was too long ago for Plaintiff's 2021 suit in this Court, so it is too long ago for the present suit as well.

The doctrine of "issue preclusion" bars revisiting past decisions about when Plaintiff's claims accrued. Issue preclusion is appropriate if:

> (1) an issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) the resolution of the issue was essential to a final judgment in the first action; and (4) the party defending against issue preclusion had a full and fair opportunity to litigate the issue in the first action.

*Biafora v. United States*, 773 F.3d 1326, 1333 (Fed. Cir. 2014) (quoting *Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003)). Issue preclusion applies to resolution of "[j]urisdictional determinations, including determinations related to the statute of limitations[.]" *Young v. United States*, 92 Fed. Cl. 425, 433 (2010), *aff'd,* 417 F. App'x 943 (Fed. Cir. 2011) (collecting cases).

In this case, the question of accrual is identical to that in *May I* and *May II*; it was actually litigated by Plaintiff in those cases; and it provided the basis for dismissing Plaintiff's claims for lack of jurisdiction. *See May I*, 2022 WL 2717721, at *5–6; *May II*, 2023 WL 3836088, at *3–6. A plaintiff can escape issue preclusion on a jurisdictional issue by curing the jurisdictional defect, *see Lowe v. United States*, 79 Fed. Cl. 218, 229–30 (2007); *Milgroom v. United States*, 122 Fed. Cl. 779, 795 (2015), *aff'd,* 651 F. App'x 1001 (Fed. Cir. 2016); *Goad v. United States*, 46 Fed. Cl. 395, 398 (2000), but no such cure is evident in Plaintiff's pleadings. The previous resolution of that question therefore applies here and renders Plaintiff's current claims untimely.

As mentioned, Plaintiff included two legal theories that did not appear in his original complaint. First, Plaintiff invokes 31 U.S.C. § 5323, which authorizes payment to whistleblowers who meet certain statutory qualifications. *See* 31 U.S.C. § 5323(b)(1); *Sackey v. United* States, No. 24-1223C, 2025 WL 1865774, at *3–4 (Fed. Cl. July 7, 2025). But that statute vests the initial decision about awards in the Secretary of the Treasury, subject (after 2021 amendments) to review by a court of appeals. 31 U.S.C. § 5323(f). That procedure displaces this Court's jurisdiction. *See Sackey*, 2025 WL 1865774, at *4. Even if this Court had jurisdiction over Section 5323 whistleblower compensation claims, Plaintiff's claim is based on his exclusion from the 2012 settlement. Am Compl. at ¶¶ 2 n.1, 55, 62–63, 80, 83–84. The same statute of limitations would therefore presumably apply.

Second, the Inflation Reduction Act of 2022 was enacted after Plaintiff's original claims accrued, and after Plaintiff's first complaint was filed. But "the statute of limitations does not reset whenever a new legal remedy becomes available to a plaintiff." *Smith v. United States*, 158 Fed. Cl. 520, 527 (2022). Plaintiff thus cannot rely on that statute to make his claims timely.

<div align="center">

**CONCLUSION**

</div>

Defendant's motion to dismiss (ECF 18) is **GRANTED**. The case is **DISMISSED** for lack of jurisdiction.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

<div style="margin-left: 50%;">

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge

</div>